USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
GERTRUDE JEAN PIERRE,                :

                Plaintiff,    :    16 Civ. 5473 (GBD)(HBP)

  -against-                         :    OPINION
                                               AND ORDER
FREDERICK LIEBERMAN and              :
CHASE INVESTMENT SERVICES,
CORPORATION,                         :

                Defendants.   :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        By a Report and Recommendation of even date, I have recommended that the complaint in this matter be dismissed for failure to state a claim. The reader's familiarity with the Report and Recommendation is assumed. In this Order, I address several non-dispositive motions made by plaintiff.

        Plaintiff has filed motions seeking (1) to disqualify me from the action (Motion for Recusal of Magistrate Judge Henry Pitman, dated Oct. 25, 2016 (Docket Item ("D.I.") 21) ("Pl. Recusal Motion"), (2) the appointment of pro bono counsel and (3) leave to proceed in forma pauperis (Application for the Court to Request Pro Bono Counsel and Application to Proceed Without Prepaying Fees or Costs, dated Oct. 9, 2016 (D.I. 20) ("Pl.

Motions for Counsel & Waiver of Fees"). For the reasons set forth below, plaintiff's motions are all denied.

I. Motion for Recusal

Plaintiff's motion for recusal is premised on her assertion that the schedule I set for defendants' motion to dismiss violated her legal rights[1] and demonstrates that I am biased against her (Pl. Recusal Motion at 1-2). The scheduling order in issue required defendants to file their motion to dismiss by October 6, 2016 and required plaintiff to file her opposition on November 4, 2016 (see Memo Endorsement, dated Aug. 24, 2016 (D.I. 12)). Plaintiff objected to the schedule for the following reasons: (1) defendants should not be permitted to move to dismiss because the case should proceed immediately to trial and (2) she needed more time to respond to the motion (Letter from Plaintiff, dated Oct. 14, 2016 (D.I. 22)).

In order to constitute a basis for recusal, the alleged bias must have an extrajudicial source, i.e., the claim must be

---

[1] Plaintiff argues that I have violated her "human rights as well as being part of an onslaught against [her] existence" and goes on to cite various "human rights" including the "right to liberty and security" and the right "not to be subjected to torture and/or cruel, inhuman, degrading treatment or punishment" (Pl. Recusal Motion at 1-2).

2

based on something other than the judge's in-court rulings and case management decisions.

> [T]he fact that Plaintiff-Appellant and Appellants were unhappy with the district court's legal rulings and other case management decisions is not a basis for recusal, and under no circumstances justifies the utterly unsubstantiated allegations of . . . dishonesty . . . and fraud lodged against the district court. See In re Int'l Bus. Machs. Corp., 618 F.2d 923, 927 (2d Cir. 1980) ("'The alleged bias and prejudice to be disqualifying [under 28 U.S.C. § 455] must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case.'") (quoting United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.E.2d 778 (1966)).

Watkins v. Smith, 561 F. App'x 46, 47 (2d Cir. 2014) (summary order) (second alteration in original); see Securities & Exch. Comm'n v. Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013) ("Accordingly, recusal is not warranted where the only challenged conduct 'consist[s] of judicial rulings, routine trial administration efforts, and ordinary admonishments . . . to counsel and to witnesses,' where the conduct occurs during judicial proceedings, and where the judge 'neither (1) relie[s] upon knowledge acquired outside such proceedings nor (2) display[s] deep-seated and unequivocal antagonism that would render fair judgment impossible.'" (alterations in original)), quoting Liteky v. United States, 510 U.S. 540, 555 (1994); ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012); Weisshaus v. Fagan, 456

F. App'x 32, 35 (2d Cir. 2012) (summary order); Gallop v. Cheney, 645 F.3d 519, 520-21 (2d Cir. 2011) (per curiam); Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227-28 (2d Cir. 2009) (per curiam); LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007) (per curiam); Smith v. City of New York, 14 Civ. 2690 (NRB), 2015 WL 1539049 at *2 (S.D.N.Y. Apr. 7, 2015) (Buchwald, D.J.). See generally 1 Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 3:12 (2016-2017 ed.).

Because plaintiff's motion is based on events that occurred in the course of judicial proceedings, she has not asserted any valid ground for recusal and her motion to disqualify me is denied.

II. Motion for Appointment of Counsel

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits."

Cooper v. A. Sargenti Co., supra, 877 F.2d at 172; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003); Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff has not demonstrated that the appointment of pro bono counsel is warranted in this case. Although it appears that plaintiff lacks the financial resources to retain counsel privately, she has not met the other criteria relevant to an application for pro bono counsel. Plaintiff does not provide any information concerning her efforts to find counsel on her own nor does she explain why the case is so complex that plaintiff cannot litigate it without counsel. Rather, plaintiff asserts that she has not been able to find counsel due to her belief that an "onslaught of government employees and major corporations" have conspired against her (Pl. Motions for Counsel & Waiver of Fees at 2). Most importantly, plaintiff has not demonstrated that the case has sufficient merit to warrant the appointment of pro bono counsel. For the reasons stated in the Report and Recommendation of even date, it appears that there are fundamental defects in the complaint that cannot be remedied by amendment. Therefore, plaintiff's motion for the appointment of pro bono counsel is denied.

5

III. Motion to Proceed
     In Forma Pauperis

Although plaintiff has filed a motion to proceed without prepaying fees or costs, this motion is moot. According to the Docket Sheet, the filing fees in this action have already been paid (See Docket Entry, dated July 8, 2016). Therefore, plaintiff's application to proceed in forma pauperis is denied as moot.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motions to disqualify me from this action (D.I. 21), for appointment of counsel and for leave to proceed in forma pauperis (D.I. 20) are denied.

Dated:  New York, New York
        June 14, 2017

                                    SO ORDERED,

                                    /s/ Henry Pitman
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies mailed to:

Ms. Gertrude Jean Pierre
P.O. Box 80411
Stoneham, Massachusetts  02180

Copies transmitted to:

All counsel