**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GERTRUDE JEAN PIERRE,           :

            Plaintiff,         :

          -against-          :

FREDERICK LIEBERMAN and CHASE:
INVESTMENT SERVICES, CORPORATION,    :

          Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUG 0 7 2017

MEMORANDUM DECISION
AND ORDER

16 Civ. 5473 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Gertrude Jean Pierre ("Plaintiff") filed this action on July 7, 2016, against

Chase Investment Services, Corporation, now known as J.P. Morgan Securities LLC, and its in-

house counsel, Frederick Lieberman, (collectively "Defendants"), alleging, *inter alia*,

employment discrimination, fraud, and violation of various criminal statutes. (*See* Complaint,

("Compl.") ECF No. 1.)

Before this Court is Magistrate Judge Pitman's June 14, 2017 Report and

Recommendation (the "Report," ECF No. 32), recommending that Defendants' motion to

dismiss be granted. (Report at 30.)[1] This Court adopts the Report in its entirety.

## I.    LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the

Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may

adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v.*

*Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated
herein.

1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record).

Magistrate Judge Pitman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 31–32); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). No objections to the Report have been filed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). While courts read *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal citation and quotation marks omitted), *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011), *quoting Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

This principle applies to pleadings submitted by *pro se* litigants. *See Rishar v. United States*, 632 F. App'x 50, 51 (2d Cir. 2016).

Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted); *see also Sharma v. D'Silva*, No. 14-CV-6146, 2016 WL 319863, at *3 (S.D.N.Y. Jan. 25, 2016).

## II. PLAINTIFF'S CLAIMS FAIL

Plaintiff previously filed a complaint against J.P. Morgan for employment discrimination on March 4, 2010, in the Southern District of New York, in which Defendant Lieberman appeared as counsel for J.P. Morgan. (Report at 3.) The Prior Action was resolved by an oral settlement that was put on the record in open court during a settlement conference. (*Id.*) After the settlement conference, Plaintiff attempted to change the terms of the settlement and J.P. Morgan moved to enforce the settlement. (*Id.* at 4.) Judge Scheindlin granted J.P. Morgan's motion and the Second Circuit affirmed that decision. (*Id.* at 6.) Plaintiff's Complaint in this action seeks to revive her employment discrimination claims and alleges that the settlement was the product of fraud and duress perpetrated by J.P. Morgan, Lieberman, and Judges Cott and Scheindlin, among others. (Compl. at 7.)

"Dismissal based on res judicata or collateral estoppel is appropriate where it is clear from the face of the complaint and from matters of which the Court takes judicial notice that plaintiff's claims are barred." *Bd. of Managers of 195 Hudson St. Condo v. Jeffrey M. Brown Associates, Inc.*, 652 F. Supp. 2d 463, 472 (S.D.N.Y. 2009). The Report properly concluded that the doctrine of *res judicata* bars Plaintiff's employment discrimination claims because Plaintiff

3

litigated and settled those claims in the Prior Action. (Report at 20.) The Report also properly found that Plaintiff's claim that the settlement should be set aside because she was fraudulently induced to enter into the settlement is barred by collateral estoppel because it was fully and fairly litigated in the Prior Action. (Report at 22–23.) Finally, the Report properly found that Plaintiff's duress claim should be dismissed because the allegations that she was physically intimidated, assaulted, or abducted by individuals hired by defendants are "wild, fanciful and wholly implausible." (Report at 28–29.)

Finding no clear error of law, this Court adopts the Report's recommendations in full.

### III. CONCLUSION

Defendants' Motion to Dismiss is GRANTED. Plaintiff's complaint is ordered dismissed.

The Clerk of Court is directed to close the motion at ECF No. 16 and this case.

Dated: New York, New York
      August 3, 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4